UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the Use and Benefit of FREELAND INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MURILLO MODULAR GROUP, LTD, a Texas corporation, et al., <br><br> Defendants. | CASE NO. C11-5649BHS <br><br> ORDER DENYING MOTION TO SET ASIDE DISMISSAL |

This matter comes before the Court on Plaintiff Freeland Industries, Inc.'s ("Freeland") motion to set aside dismissal (Dkt. 13). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On August 19, 2011, Freeland filed a complaint against Defendants Murillo Modular Group, Ltd., Fidelity and Deposit Company of Maryland, and Lexon Insurance Co. for breach of contract, sums owing, and recovery under the Miller Act, 40 U.S.C. §§ 3131-3134. Dkt. 1. On August 23, 2011, the Court ordered the parties to file a Joint Status Report no later than December 21, 2011. Dkt. 3. On January 3, 2011, the Court issued a notice to the parties that they "shall comply forthwith or may face dismissal." On February, 7, 2012, the Court issued a Show Cause Order stating that the parties "have until 2/24/2012 to file joint status report or case will be dismissed." Dkt. 12. On February, 28, 2012, the case was dismissed.

ORDER - 1

On March 6, 2012, Freeland filed a motion to set aside the dismissal pursuant to Fed. R. Civ. P. 60(b) and submitted a proposed joint status report.  Dkt. 13.

The Court may set aside an order for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  In this case, Freeland has failed to show any inadvertence, surprise, or excusable neglect.  With regard to mistake, Freeland argues that it believed the Court's show cause order set a date of March 24, 2012 instead of February 24, 2012.  This is not a mistake that justifies the relief sought.  With regard to any other reason, Freeland argues that the parties are working together and Freeland has submitted a proposed joint status report.  That proposed report, however, does not contain any reference to a single position of any named defendant and is not signed by any representative of any defendant.  The Court finds that there is no other reason to justify relief.  Moreover, if the Court reopened the matter, it appears that (1) each defendant would be subject to motions for default if they were properly served and (2) defendants would suffer prejudice because at least some of Freeland's claims may be subject to the Miller Act's statute of limitations.

Therefore, it is hereby **ORDERED** that Freeland's motion to set aside dismissal (Dkt. 13) is **DENIED**.

DATED this 12th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2